IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW R. SCHUMACHER,

        Plaintiff,                                  ORDER

    v.                                                  08-cv-228-slc

MATTHEW FRANK, PHIL KINGSTON,
MIKE THURMER, DEBRA GEMPLER and
GARY ANKARLO,

        Defendants.

---

SHAUN MATZ,

        Plaintiff,                                  ORDER

    v.                                                  08-cv-491-slc

MATTHEW FRANK, PHIL KINGSTON,
MIKE THURMER, DAN WESTFIELD, DON
STRAHOTA, LT. GREFF, GARY ANKARLO and
GEORGE KAMMERER,

        Defendants.

---

        These cases were originally filed as a joint complaint in case no. 08-cv-228-slc.  On August 27, 2008, I entered an order severing plaintiff Matz's claims from plaintiff Schumacher's because their complaint as filed violated Fed. R. Civ. P. 20, which governs the number of parties a plaintiff may join in any one action.  On the same day, I entered an order in case no. 08-cv-228-slc granting plaintiff Schumacher's request for leave to proceed *in forma pauperis* on his

claims that defendants Frank, Thurmer and Kingston subjected him to conditions of confinement that exacerbated his mental illnesses and that defendants Gempeler and Ankarlo disregarded a substantial risk that plaintiff would seriously harm himself. On September 5, 2008, I entered an order in case no. 08-cv-491-slc granting plaintiff Matz's request for leave to proceed *in forma pauperis* on his claims that defendants Frank, Kingston and Thurmer subjected him to conditions of confinement that exacerbated his mental illnesses and that defendants Frank, Kingston, Westfield, Strahota, Greff, Ankarlo and Kammerer disregarded a substantial risk that plaintiff would seriously harm himself.

 The Attorney General's office has accepted service of plaintiffs' respective complaints on behalf of all of the defendants except defendant Kingston, who is no longer employed by the Department of Corrections. Therefore, the clerk of court has prepared Marshals Service and summons forms for this defendant, and is forwarding copies of the complaint and completed forms to the United States Marshal for service on him.

 In completing the Marshals Service forms for defendant Kingston, the clerk has not provided forwarding addresses because this information is unknown. It will be up to the marshal to make a reasonable effort to locate defendant Kingston by contacting his former employer (in this case, the Department of Corrections) or conducting an Internet search of public records for the defendant's current addresses or both. See Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990) (once defendant is identified, marshal to make reasonable effort to obtain current address). Reasonable efforts do not require the marshal to be a private investigator for civil litigants or to use software available only to law enforcement officers to discover addresses for

defendants whose whereabouts are not discoverable through public records.

Also, for plaintiff's information, in <u>Sellers</u>, the court of appeals recognized the security concerns that arise when prisoners have access to the personal addresses of former or current prison employees. <u>Sellers v. United States</u>, 902 F.2d at 602. For this reason prison employees often take steps to insure that their personal addresses are not available in public records accessible through the Internet. If the marshal is successful in obtaining the defendant's personal address, he is to maintain those addresses in confidence rather than reveal them on the marshals service forms, because the forms are filed in the court's public file and mailed to the plaintiff after service is effected.

Entered this 22nd day of September, 2008.

                                            BY THE COURT:

                                              /s/

                                        _____
                                        STEPHEN L. CROCKER
                                        Magistrate Judge